## The Singer Manufacturing Co. *versus* Rook *et ux.*

Where a married woman joins her husband in a mortgage to encumber her separate estate, as to a bona fide mortgagee, for value, without notice of fraud or imposition in the procurement of the execution of such instrument, the certificate of the magistrate who takes the acknowledgment is conclusive of every material fact expressed therein.

June 5th 1877.  Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.  SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Lycoming county :* Of May Term 1877, No. 30.

Scire facias sur mortgage issued by The Singer Manufacturing Company against D. N. Rook and Hannah his wife.

In 1869 Rook was appointed the agent of the company plaintiff by Ober, its manager, and the mortgage in suit was given by Rook and his wife on the separate estate of the wife as security for the sewing machines that would be forwarded to him for sale.   On the termination of his agency in 1870, Rook was indebted to the company from sales to the amount of about $2000, the evidence of which were two notes he had given the company and which constituted the claim upon the mortgage.   The mortgage was in due form and after being recorded was forwarded to the company by mail.   The defence was that Mrs. Rook executed the mortgage under duress ; that she was persuaded by her husband to do it without knowing its contents and that she was deceived by him as to what the contents of the instrument were.

At the trial, before Gamble, P. J., the plaintiff gave in evidence the bond and mortgage, proved the agency, the condition of Rook's accounts when the agency terminated and that he was indebted to the company in the amount of two notes which the company held, and there rested.

The defendants offered to prove by D. N. Rook, the witness upon the stand, that a few days prior to the execution of the mortgage by Hannah M. Rook, his wife, the managing agent of plaintiff suggested to him to get her to execute such an instrument ; that the witness informed his wife of the conversation had with said agent, and asked her whether she would be willing to give said mortgage ; that she positively declined doing so, and said that under no circumstances would she agree to any such thing ; that witness tried to persuade her to yield, but all his persuasions were unavailing; that he then saw the said agent and told him about his wife's unwillingness to execute a mortgage, and also informed him that she was very unwell, and suggested that he had better give the agency to Isaac A. Simpler; that the said agent stated he preferred him (Rook) because he had been recommended to him as a good and efficient party for the purpose of making sales, &c., and at the same time remarked to witness, that he (witness) could induce his wife to think better of the matter by and by, and have her execute

the instrument by getting it drawn, and taking the officer to his house and having her acknowledge it there; witness replied he would manage in some way to have her execute it; and thereupon caused the mortgage to be prepared and took a justice of the peace with him to his house, and had her sign it; that she was not informed of the contents thereof, nor was she examined separately and apart from her husband; that witness, said to her when they came into the house that this paper was all right, and pointed to the place where she should sign it, and she there put her name to it; that witness, being her husband, was present in the room with her during all the time the officer was there; that he told her this instrument could not affect her property, it was only a matter of bail upon which she could not become liable; that said Hannah M. Rook, at the time of the execution and alleged acknowledgment, was entirely ignorant of the nature and character of the instrument she was executing, and did not discover her mistake until about the 1st of June following, whereupon she became alarmed, and very much dissatisfied; that about the 20th of the same month, witness met J. W. Truxell, an agent of said plaintiff, and informed him that his wife had discovered that the instrument she had executed was a mortgage, and that she was distressed about it, and wanted it cancelled, and he, witness, therefore proposed to settle up with the company and do no more business for them; that said agent then said she never should be affected by it, and he should keep right on; that at the time of said conversation, the plaintiff only held two notes against him, both of which have been paid since. Further, that at the time of the execution of said mortgage said Hannah M. Rook was very unwell and unfit to do business, being by reason of her physical condition at that time kept a great portion of the time under the influence of chloroform, to be followed by proof that the bond accompanying the mortgage was never executed by her, nor did she ever see it or know anything of its contents. Further that said bond is not for the payment of any debt of defendants or either of them, nor intended for the payment of any particular sum of money, but simply for the discharge of the duty of said D. N. Rook as agent for plaintiff. Further, to be followed by the evidence of Hannah M. Rook and others, that she did not voluntarily execute said mortgage, but it was executed wholly at the instigation of, and under the influence of her husband, without knowing the nature and character thereof.

Plaintiff objected, 1. Because the defendants do not propose to prove that the company, plaintiff, had any knowledge of any fraud practised upon Mrs. Rook, either in procuring the mortgage or in her acknowledgment thereof; nor 2. To prove that the plaintiff is not a bona fide holder for value of the mortgage upon which suit has been brought.

Objections overruled and evidence admitted. Plaintiff excepted and bill sealed.

The same witness was then asked if he had held a conversation with Truxell about this mortgage, and if so, what ?

Defendant objected to evidence of this conversation until the nature and scope of the agency of Truxell had been proved by other testimony.

The court overruled the objection and admitted the testimony, which was in substance what is contained in the foregoing offer in regard to meeting Truxell, and having a conversation with him in relation to the mortgage. It appeared that Rook had paid Truxell money for the company, and had taken his receipt therefor, and that the manager afterwards recognised this action of Truxell.

The points submitted by the plaintiff and the answers of the court were as follows :—

1. That there being no evidence in this case that the plaintiffs knew that any fraud had been practised upon Mrs. Rook at the time the mortgage was given, the verdict must be for the plaintiffs.

Answer. " To avoid the acknowledgment of a married woman, properly certified by a competent officer, it is necessary to prove fraud, duress, or moral constraint practised upon her to obtain her signature, or that the essentials of the law were omitted by the officer, and knowledge of which, or circumstances which should lead to an inquiry, must be brought home to the plaintiff; but the court decline to say that there is no evidence in this case of such circumstances."

2. That, as the evidence shows that the plaintiffs were bona fide holders for value of the mortgage, they cannot be affected by any fraud practised upon Mrs. Rook at the time of its acknowledgment, unless they had notice of the fraud.

Answer. " This point is affirmed, with the additional qualification : that if the jury are satisfied, from the evidence, that the managing or general agent of the plaintiffs, who transacted this business, had knowledge of circumstances which should have put him upon inquiry, then the plaintiff would be affected by the fraud practised upon Mrs. Rook."

The verdict was for the plaintiff for $2600, as against D. N. Rook, but not against his wife.

The company then took this writ, assigning for error, *inter alia*, the admission of defendant's evidence under the foregoing offers, and the answers to plaintiff's points.

*Henry C. Parsons*, for plaintiff in error.—There was no evidence to show the company was not a bona fide holder of the mortgage for value, nor that it had knowledge of the fraud practised upon the wife. As a bona fide holder of the mortgage, without notice of the fraud, as against the company, the acknowledgment could not be

impeached : Louden *v.* Blythe, 3 Casey 22 ; Hall *v.* Patterson, 1 P. F. Smith 290 ; McCandless *v.* Engle, Id. 309 ; Heeter *v.* Glasgow, 29 Id. 79.

*John J. Metzger*, for defendants in error.—It may be shown by parol, that the acknowledgment of the wife was not done of her own free will and that undue measures were employed in obtaining it, and if the company had knowledge, which should have put it upon inquiry as to the manner in which this acknowledgment was obtained, and failed to inquire, it must abide the consequences, if the acknowledgment is avoided : Louden *v.* Blythe, 4 Harris 532 ; Idem, 3 Casey 22 ; McCandless *v.* Engle, 1 P. F. Smith 309.

Mr. Justice GORDON delivered the opinion of the court, June 26th 1877.

When a married woman joins her husband in a deed or mortgage to convey or encumber her separate estate, as to the bona fide vendee or mortgagee, for value, without notice of fraud or imposition in the procurement of the execution of such instrument, the certificate of the magistrate, who takes the acknowledgment, is conclusive of every material fact expressed therein. This certificate of the officer is a judicial act and cannot be impeached except for fraud. As to him who has notice, or who has parted with no valuable consideration, the wife may avoid the instrument by showing that she was entrapped into the execution of it by craft or treachery or compelled thereto by force : Louden *v.* Blythe, 3 Casey 22 ; Williams *v.* Baker, 21 P. F. Smith 476 ; Heeter *v.* Glasgow, 29 Id. 79. Applying the principles above stated to the case in hand, it becomes manifest that certain of the instructions, of the learned judge of the Common Pleas to the jury, were wrong. The consideration for the mortgage in suit was good and valuable, and the certificate of acknowledgment was in all particulars regular, and was prima facie evidence of the truth of the matters therein set forth. True it undoubtedly is, conceding the testimony of Rook himself to be correct, that a most wicked and shameful fraud was perpetrated upon this married woman, when sick and in trouble, by her own husband, in procuring her signature and acknowledgment to an instrument the nature and character of which were carefully concealed from her. But of all this, Ober, the agent of the company, knew nothing ; for the execution was had in his absence, and the paper itself, after it was put of record, was sent to him by mail. It is true Rook says he informed him that his wife was unwilling to sign a mortgage and that he had better give the agency to some one else, but that, upon Ober's insisting upon his assumption of the business, he told him he would try and induce his wife to execute the mortgage, and that he, Ober, then suggested that, as she was too sick to go out, he could take a justice of the peace to

the house in order to have her acknowledgment taken. Granting this, and yet it is a very far-fetched and violent presumption that Ober had reason to know, or even to suppose, when Rook said he would try to induce his wife to sign the mortgage, that he thereby intended to accomplish his object by fraud rather than by lawful means. The court certainly erred in allowing the jury to infer a guilty knowledge, on part of the plaintiff's agent, from evidence so slight and unsubstantial. It follows, that the plaintiff's first and second points should have been affirmed, except so far as the first required a peremptory instruction that the verdict should be in favor of the plaintiff. The remaining exceptions are not sustained. If, at any time after the execution of the mortgage, an agent of the company was informed that that instrument had been obtained from Mrs. Rook by compulsion or unfair means, from that time the company must be taken to have dealt with Rook on his individual credit alone, and not upon the security of the mortgage. All dealings between the parties after that date, must be taken to have been transacted with knowledge of the fraud perpetrated upon the wife, and as not being protected by the shield of innocency under which the previous transactions were conducted. There was some evidence that Truxell was an agent of the company and that Rook informed him that his wife had not voluntarily executed the mortgage. It was right that this evidence should go to the jury, and, if believed, it might properly have the effect to defeat the plaintiff's recovery for any credit given to Rook after the date of such information.

The judgment is reversed, and a *venire facias de novo* is awarded.